IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| **SATELLITE TRACKING OF PEOPLE, LLC (a/k/a STOP, LLC),** and **MICHELLE ENTERPRISES, LLC** § § § § | |
| Plaintiffs, § | Civil No: |
| § | |
| v. § | |
| § | **JURY TRIAL DEMANDED** |
| **RECOVERY HEALTH CORPORATION,** a Texas Corporation, **BUDDI US, LLC,** a Delaware Corporation, and **BUDDI LTD,** an English Limited Company § § § § § | |
| Defendants § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

Plaintiffs Satellite Tracking of People, LLC ("STOP") and Michelle Enterprises, LLC ("Michelle") (collectively, "Plaintiffs"), file this Original Complaint for Patent Infringement and Demand for Jury Trial against Defendants Recovery Health Corporation, ("Recovery Health"), Buddi US, LLC, ("Buddi US") and Buddi Ltd ( "Buddi Ltd") (collectively, "Defendants") and allege as follows:

**I.**

**PARTIES**

1. Plaintiff STOP is a Delaware limited liability corporation having its headquarters and principal place of business at 1212 North Post Oak Road, Suite 100, Houston, Texas 77055.

2. Plaintiff Michelle is a Florida limited liability company having its headquarters and principal place of business at 19080 S.W. 44th Street, Dunnellon, Florida 34432.

3. On information and belief, Recovery Healthcare Corporation is a Texas corporation having a principal place of business at 9090 N. Stemmons Frwy, Ste. A, Dallas, TX 75247.

4. On information and belief, Buddi US, LLC is a Delaware corporation having a principal place of business at 35246 US Hwy 19 N., number 122, Palm Harbor, FL 34684.

5. On information and belief, Buddi Ltd is a registered English limited company having a principal place of business at Talbot House, 17 Church Street, Rickmansworth, Hertforshire WD3 1DE.

## II.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq*. This Court has original and exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. §§ 1331 and 1338(a).

7. Upon information and belief, Defendants transact business in, and have committed and/or induced and/or contributed to acts of patent infringement within the State of Texas and, upon information and belief, within the Northern District of Texas. Defendants are, therefore, subject to the personal jurisdiction of this Court.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## III.

## PATENT INFRINGEMENT

9. United States Reissue Patent No. RE39,909 ("the '909 Patent") entitled "Tracking System For Locational Tracking Of Monitored Persons" was duly and legally issued by the United States Patent and Trademark Office on November 6, 2007 after full and fair examination.

The '909 Patent was subsequently subject to ex parte reexamination, which terminated via a Reexamination Certificate issued on May 10, 2011. Michelle is the assignee of all rights, title and interest in and to the '909 Patent. STOP is an exclusive licensee of the '909 Patent. Together, STOP and Michelle have the full and exclusive right to bring suit to enforce the '909 Patent. A true and correct copy of the '909 Patent, including its Reexamination Certificate, is attached as Exhibit "A."

10. United States Reissue Patent No. RE42,671 ("the '671 Patent") entitled "Tracking System For Locational Tracking Of Monitored Persons" was duly and legally issued by the United States Patent and Trademark Office on September 6, 2011 after full and fair examination. Michelle is the assignee of all rights, title and interest in and to the '671 Patent. STOP is an exclusive licensee of the '671 Patent. Together, STOP and Michelle have the full and exclusive right to bring suit to enforce the '671 Patent. A true and correct copy of the '671 Patent is attached as Exhibit "B."

11. United States Reissue Patent No. RE44,085 ("the '085 Patent") entitled "Tracking System For Locational Tracking Of Monitored Persons" was duly and legally issued by the United States Patent and Trademark Office on March 19, 2013 after full and fair examination. Michelle is the assignee of all rights, title and interest in and to the '085 Patent. STOP is an exclusive licensee of the '085 Patent. Together, STOP and Michelle have the full and exclusive right to bring suit to enforce the '085 Patent. A true and correct copy of the '085 Patent is attached as Exhibit "C."

12. During all times relevant to this action, products sold by Plaintiffs covered by the Asserted Patents have carried appropriate markings under 35 U.S.C § 287.

13. Plaintiffs make, use, sell, and offer to sell to the community corrections industry one-piece tracking devices and monitoring systems and services related to the tracking and monitoring of all levels of offenders within the criminal justice system.

14. On information and belief, Defendant Recovery Health, makes or has made, manufacturers or has manufactured, imports, uses, sells, and/or offers to sell Buddi Smart Tag one-piece tracking devices and accompanying monitoring systems to the community corrections industry in competition with Plaintiffs. On information and belief, Defendant Recovery Health, by making, having made, manufacturing, having manufactured, using, selling, or offering to sell in the United States, without authority, products and services including, without limitation, one-piece tracking and accompanying monitoring systems, including, but not limited to, the Buddi Smart Tag devices and accompanying monitoring systems, has directly or indirectly infringed and is continuing to infringe, directly and indirectly, the '909 Patent, the '671 Patent, and the '085 Patent (the "Asserted Patents") within the United States.

15. On information and belief, Defendant Buddi US, makes or has made, manufacturers or has manufactured, imports, uses, sells, and/or offers to sell one-piece tracking devices and accompanying monitoring systems to the community corrections industry in competition with Plaintiffs. On information and belief, Defendant Buddi US, by making, having made, manufacturing, having manufactured, using, selling, or offering to sell in the United States, without authority, products and services including, without limitation, one-piece tracking and accompanying monitoring systems, including, but not limited to, the Buddi Smart Tag devices and accompanying monitoring systems, has directly or indirectly infringed and is continuing to infringe, directly and indirectly, the Asserted Patents within the United States.

16. On information and belief, Defendant Buddi Ltd, makes or has made, manufacturers or has manufactured, imports, uses, sells, and/or offers to sell specialized one-piece tracking devices and accompanying monitoring systems to the community corrections industry in competition with Plaintiffs. On information and belief, Defendant Buddi Ltd, by making, having made, manufacturing, having manufactured, using, selling, or offering to sell in the United States, without authority, products and services including, without limitation, one-piece tracking and accompanying monitoring systems, including, but not limited to, the Buddi Smart Tag devices and accompanying monitoring systems, has directly or indirectly infringed and is continuing to infringe, directly and indirectly, the Asserted Patents within the United States.

17. Defendants have known of the existence of the Asserted Patents since at least February 2013, at which time Buddi Ltd approached Plaintiff STOP to seek a license to the Asserted Patents. The underlying infringement is thus willful.

## IV.

## CAUSES OF ACTION

### Count One – Infringement of the '909 Patent

18. Plaintiffs re-allege and incorporate by reference paragraphs 1-17 above.

19. Defendants have infringed, literally and/or under the doctrine of equivalents, and continue to directly and indirectly infringe one or more claims of the '909 Patent by, among other things, making, having made, manufacturing, having manufactured, importing, using, selling, or offering to sell goods and services, as stated above, that practice the '909 Patent in violation of 35 U.S.C. § 271.

### Count Two – Infringement of the '671 Patent

20. Plaintiffs re-allege and incorporate by reference paragraphs 1-19 above.

21. Defendants have infringed, literally and/or under the doctrine of equivalents, and continue to directly and indirectly infringe one or more claims of the '671 Patent by, among other things, making, having made, manufacturing, having manufactured, importing, using, selling, or offering to sell goods and services, as stated above, that practice the '671 Patent in violation of 35 U.S.C. § 271.

### Count Three – Infringement of the '085 Patent

22. Plaintiffs re-allege and incorporate by reference paragraphs 1-21 above.

23. Defendants have infringed, literally and/or under the doctrine of equivalents, and continue to directly and indirectly infringe one or more claims of the '085 Patent by, among other things, making, having made, manufacturing, having manufactured, importing, using, selling, or offering to sell goods and services, as stated above, that practice the '085 Patent in violation of 35 U.S.C. § 271.

## V.

## REMEDIES

24. As a direct and proximate consequence of the acts and practices of Defendants in infringing and/or inducing or contributing to the infringement of one or more claims of the Asserted Patents, Plaintiffs have been damaged in an amount to be determined at trial and will continue to be damaged in their business and property rights as a result of Defendants' infringing activities, unless such activities are enjoined by this Court. Pursuant to 35 U.S.C. § 284, Plaintiffs are entitled to damages adequate to compensate for the infringement, including, *inter alia*, lost profits and/or a reasonable royalty.

25. By reason of its infringing acts and practices, Defendants are causing, and, unless such acts and practices are enjoined by the Court, will continue to cause immediate and

irreparable harm to Plaintiffs for which there is no adequate remedy at law, and for which Plaintiffs are entitled to injunctive relief under 35 U.S.C. § 283. Plaintiffs, therefore, request a permanent injunction prohibiting Defendants, their directors, officers, employees, agents, parents, subsidiaries, affiliates, and anyone else in active concert or participation with them from infringement, inducement to infringe, or contributory infringement of the Asserted Patents, including the making, having made, manufacture, having manufactured, importation, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the claims of the Asserted Patents.

26. Defendants' infringement was willful and deliberate and Plaintiffs request such a finding.

## VI.

## COSTS, INTEREST AND ATTORNEYS' FEES

27. If it be determined that this case presents exceptional circumstances within the meaning of 35 U.S.C. § 285, Plaintiffs request the Court award them all reasonable attorneys' fees and costs incurred in this litigation and pre-judgment and post-judgment interest pursuant to 35 U.S.C. §§ 284 and 285.

## VII.

## JURY DEMAND

28. Plaintiffs request a jury trial of all issues in this action so triable.

## VIII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

1. A judgment that Defendants have infringed, directly and/or indirectly the '909 Patent;

2. A judgment that Defendants have infringed, directly and/or indirectly the '671 Patent;

3. A judgment that Defendants have infringed, directly and/or indirectly the '085 Patent;

4. A judgment and order permanently enjoining Defendants and their directors, officers, employees, agents, parents, subsidiaries, affiliates, and all persons in active concert or participation with it from infringement, inducement to infringe, or contributory infringement of the Asserted Patents, including the making, having made, manufacture, having manufactured, importation, use, sale, offer for sale, distribution, or promotion of products and/or services falling within the scope of the claims of the Asserted Patents pursuant to 35 U.S.C.§ 283;

5. A judgment and order requiring Defendants to pay Plaintiffs damages sufficient to compensate them for the infringement of the Asserted Patents in an amount not less than Plaintiffs' lost profits and/or a reasonable royalty and interest and costs, pursuant to 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of final judgment, with an accounting, as needed;

6. A judgment and order awarding enhanced damages, pursuant to 35 U.S.C. § 284, to the extent that Defendants' acts of infringement of the Asserted Patents are determined to be willful;

7. An award of prejudgment interest, pursuant to 35 U.S.C. § 284, from the date of each act of infringement of the Asserted Patents by Defendants to the day on which judgment for damages is entered, and a further award of post-judgment interest, pursuant to 28 U.S.C. § 1961, continuing until such judgment is paid;

8. An award of all costs and reasonable attorney's fees against Defendants, pursuant to 35 U.S.C. §§ 284 and 285, based on its infringement of the Asserted Patents;

9. Such other and further relief to which Plaintiffs may be entitled.

Dated: December 18, 2014

Respectfully Submitted,

By:

/s/ James A. Glenn
James A. Glenn
Texas Bar No: 24032357
Monica Moussighi
Texas Bar No. 24074767
Novak Druce Connolly Bove + Quigg LLP
1000 Louisiana Street
Fifty-Third Floor
Houston, TX 77002
Tel: (713) 571-3400
Fax: (713) 456-2836

**Counsel for Plaintiffs**
**Satellite Tracking of People, LLC, and**
**Michelle Enterprises, LLC**